

**U.S. Department of Justice**
Civil Division
950 Pennsylvania Ave. NW, Rm. 7214
Washington, DC 20530

MSR:JESandberg

Tel.: (202) 532-4453

VIA CM/ECF

January 14, 2025

Christopher G. Conway, Clerk of Court
United States Court of Appeals for the Seventh Circuit
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

Re:   *Property Casualty Insurers Association of America v. Todman*, No. 24-1947

Dear Mr. Conway:

The government respectfully responds to plaintiff-appellant's letter regarding *Ludwick v. Harbinger Group, Inc.*, 854 F.3d 400 (8th Cir. 2017), and *Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998). Those decisions confirm the fundamental point that McCarran-Ferguson Act preemption is properly addressed—whether by HUD or by this Court—on a concrete, case-by-case basis, not in advisory, wholesale fashion.

In *Ludwick*, the Third Circuit found that the McCarran-Ferguson Act precluded RICO claims against a life insurer that allegedly misrepresented its solvency following certain transactions. Parsing the plaintiff's specific contentions, it determined that "[a] federal court could not rule in [plaintiff's] favor without holding ... that state insurance regulators were wrong to let the transactions proceed." 854 F.3d at 404. The McCarran-Ferguson problem was not "the mere fact" that plaintiff's claims "relate to the insurance business in the abstract," but rather, that "a federal court ruling on the specific things [plaintiff] alleges against this particular insurance company would mean asking the same questions as [Iowa, Maryland, and Missouri] state insurance regulations ask and effectively double-checking their work." *Id.* at 405. Preemption resulted from this "case-specific intrusion and interference," not because RICO liability against relevant life-insurance practices was categorically foreclosed. *Id.*

Similarly, in *Ford* (a pre-*Humana* case), McCarran-Ferguson preemption was raised as a case-specific defense to allegations that a health insurer's two-year cap on mental-health benefits violated the Americans with Disabilities Act. The

Eighth Circuit's principal holding—like this Court's principal holding in *Doe v. Mutual of Omaha*, 179 F.3d 557 (7th Cir. 1999)—was that the ADA did not preclude the benefits cap at all. *Ford*, 145 F.3d at 608-14. The court also expressed concern that "requiring insurers to justify their coverage plans" could require "actuarial analysis" in tension with the McCarran-Ferguson Act. *Id.* at 611-12. But it did not hold that McCarran-Ferguson categorically precludes insurer liability under federal civil-rights laws.

These decisions—and others plaintiff cited (*cf.* App. 26, 30 n.7)—thus only underscore the reasonableness of HUD's decision not to add any provision to its interpretive regulation opining in blanket fashion about the lawfulness of specific insurer practices.

Sincerely,

/s/ Jeffrey E. Sandberg
Jeffrey E. Sandberg
Civil Division, Appellate Staff
U.S. Department of Justice
(202) 532-4453
jeffrey.e.sandberg@usdoj.gov

*Counsel for Defendants-Appellees*

cc: all counsel of record (via CM/ECF)