WILMERHALE

January 27, 2026

**Seth P. Waxman**

+1 202 663 6800 (t)
+1 202 663 6363 (f)
seth.waxman@wilmerhale.com

**VIA CM/ECF**

Christopher G. Conway
Office of the Clerk
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

Re: *Property Casualty Insurers Association of America v. Turner*, No. 24-1947

Dear Mr. Conway:

I write on behalf of appellant to respond to appellees' Rule 28(j) letter submitted on January 23.

Appellees correctly do not argue that HUD's recent notice of proposed rulemaking ("NPRM") moots this appeal or is reason to hold it in abeyance. This Court already denied an abeyance request from appellees based on HUD's reconsideration of the 2023 Rule, and this NPRM does not alter that conclusion. While the NPRM proposes to revoke the 2023 Rule, it remains to be seen whether that proposal will ultimately be memorialized in a new final rule. Nor is it clear *when* any such final rule would be promulgated. HUD has a long history of moving slowly on these issues (*see* Doc. 93 at 1-2), and it took HUD roughly a year just to issue this three-page NPRM. Before promulgating a final rule, HUD will need to analyze and respond to submitted comments, a process that has previously taken the agency over a year. *See, e.g.*, 88 Fed. Reg. 19,450 (Mar. 31, 2023) (final rule promulgated 21 months after proposed rule); 85 Fed. Reg. 60,288 (Sept. 24, 2020) (final rule 13 months after proposed rule).

While this process plays out (with indeterminate results), the 2023 Rule remains in effect, with continued uncertainty as to whether the McCarran-Ferguson Act permits the Rule's extension of disparate-impact liability to risk-based pricing and underwriting. After over a decade of litigation, that question is ripe for decision before this Court, and it is precisely the kind of question that "courts, not agencies," are equipped to resolve. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024). Accordingly, with the 2023 Rule still on the books, PCI respectfully urges this Court to maintain this case under advisement and issue a decision when it is prepared to do so.

Sincerely,

*/s/ Seth P. Waxman*

Seth P. Waxman, Counsel of Record for Appellant